CASE No. 1129.

WARREN, WALLACE & CO. v. SIMON.

1. A Circuit judge has no power to review and reverse the action of another Circuit judge.
2. Where a Circuit judge refused to grant an order directing the sheriff to pay over money in his hands according to the terms of a verdict rendered in an action to which he was no party, and no appeal was taken from such refusal, another Circuit judge may not afterwards grant such order.
3. And the order was erroneous, independently of the former determination.

Before MACKEY, J., Barnwell, June, 1881.

The appeal in this case, which is fully stated in the opinion, was from the order of Judge Mackey, directing the sheriff to pay over the money in his hands.

*Mr. L. B. O'Bryan*, for appellants.

*Mr. J. J. Brown*, contra.

January 10th, 1882. The opinion of the court was delivered by

McIVER, A. J. The plaintiffs and the defendant, Simon, held agricultural liens given by S. T. Moore and others, and the defendant, Mary E. Roberts, had a claim for rent on the same parties. Warrants were issued to enforce these liens, under which the sheriff sold the crops of the lienors, and now holds the proceeds of such sale, a controversy having arisen as to which of the parties are entitled to the proceeds. It does not appear that any rule was taken out against the sheriff, but the plaintiffs brought an action against the parties who gave the liens, together with the defendants, Simon and Roberts, the other claimants of the proceeds of the sale, to which action, however,

the sheriff was not made a party, in which the plaintiffs prayed judgment that the proceeds of the sale, or so much thereof as may be necessary, be applied in satisfaction of their claim and the costs and disbursements of the action.

The case came on for trial before Judge Wallace and a jury, when the following verdict was rendered : " We find fifty dollars for Mrs. M. E. Roberts, and the balance in the hands of the sheriff for Warren, Wallace & Co." The defendant, Simon, moved for a new trial, which Judge Wallace refused upon the ground "that it was useless, as the verdict was a nullity, and that judgment could not be entered thereon." The attorney for the plaintiff then applied for an order requiring the sheriff to pay over the funds in his hands according to the terms of the verdict, which motion was also refused, "as the sheriff had never been made a party, and judgment could not be entered against him, and that the court could make no such order." From these rulings of Judge Wallace there was no appeal.

Subsequently, the plaintiffs brought an action against the sheriff alone, in which the proceedings in the former action were stated, with the allegation that the sheriff has in his hands the funds in dispute, and that he declines, after demand, to pay out the same in accordance with the verdict rendered in the former action, and prayed judgment that the sheriff pay to the plaintiffs the amount in his hands.

At the next term of the court, Judge Mackey "heard the statements and arguments of the different counsel interested " on the call of the case brought by the plaintiffs against the sheriff, "and thereupon directed the attorney for Warren, Wallace & Co. to enter up judgment in the former case, there having been no order made by Judge Wallace setting aside the verdict of the jury and no motion for that purpose then made or now pending;" and also granted an order in the same case requiring the sheriff "to pay over the money in his hands in accordance with the verdict." What became of the case against the sheriff does not appear, as no further notice seems to have been taken of it, the direction to enter judgment and the order appealed from having been made in the former action to which the sheriff was not a party.

It seems to us very clear that the order of Judge Mackey cannot be sustained for two reasons : 1. Because it is practically a review and reversal of the action of Judge Wallace, and nothing is better settled than that one Circuit judge has no power to review and reverse the action of another Circuit judge. If Judge Wallace committed any error in refusing the motion made by the plaintiffs, which is by no means clear, their remedy was by appeal to this court. 2. The sheriff not being a party to the action in which the order in question was granted, it was error on the part of Judge Mackey to make any order affecting him.

It may be, and no doubt is, entirely true, that the sheriff was fully aware of what was going on, but in order to entitle a court of justice to make any order affecting any person, it is necessary that the court should first have acquired jurisdiction of the person to be affected by such order, by service of process or by some other recognized mode of bringing a party before the court, otherwise the order would be an absolute nullity. In this case, the sheriff, as we have seen, was never in any way made a party to the action in which the right to the fund was sought to be adjudicated, and in which the order appealed from was granted, nor had he been brought before the court by rule.

While in this particular case no harm would probably result from the fact of the sheriff not being made a party to the action in which the order appealed from was granted, inasmuch as he was doubtless fully cognizant of all the proceedings, yet it would be a very dangerous precedent to establish that a party might be liable to have a judgment rendered against him, or an order granted affecting him, in a cause to which he had not been made a party in the manner prescribed by law, and one which we do not feel at liberty to sanction.

The judgment of this court is that the order appealed from be reversed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.